BLD-039                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3921
_____

IN RE:  NEZZY ADDERLY,
                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2:06-cr-00548-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 10, 2011

Before:  SCIRICA, SMITH and CHAGARES Circuit Judges

(Filed: December 1, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        In 2007, Nezzy Adderly pleaded guilty to being a convicted felon in possession of

a firearm in violation of 18 U.S.C. § 922(g)(1).  He was sentenced as an armed career

criminal to a mandatory minimum of one-hundred eighty months of imprisonment.  See

18 U.S.C. § 924(e).  We affirmed his judgment of conviction and sentence.  C.A. No. 07-

3753.  In 2009, Adderly filed a motion under 28 U.S.C. § 2255, which the District Court

denied as meritless. We denied a certificate of appealability. Adderly also filed a motion for reconsideration, which the District Court denied. We dismissed his appeal for lack of jurisdiction on January 26, 2011. C.A. No. 10-3791.

While his appeal of the District Court's denial of his motion for reconsideration was pending, Adderly filed a motion to reopen in the District Court in November 2010. Adderly then filed a motion to amend his motion to reopen on March 14, 2011. On October 25, 2011, Adderly filed a pro se mandamus petition with this Court, seeking to compel the District Court to rule on his motion to reopen.

Mandamus is a drastic remedy available in only the most extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). "A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Although we may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden, 102 F.3d at 79, the manner in which the district court controls its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

The District Court has yet to rule on Adderly's motion to reopen. However, we conclude that this does not constitute a failure to exercise jurisdiction. We are confident that the District Court will rule on Adderly's pending motion to reopen without further delay. Accordingly, we will deny Adderly's mandamus petition.

2